# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA
# BKY CASE NO. 18-40509 (KAC)

| | |
|---|---|
| Leobaldo Rojas,<br><br>    Plaintiff,<br>v.<br><br>Payday America, Inc.,<br><br>    Defendant. | **ADVERSARY COMPLAINT** |

1. Leobaldo Rojas brings this Adversary Complaint under 11 U.S.C. §§ 362(a) and (k), 11 U.S.C. §524(a), 11 U.S.C. § 105, Federal Rule of Bankruptcy Procedure 7001, and Minn. Stat. § 604.14 for the violation of the automatic stay and civil theft committed by Payday America, Inc.

2. Despite knowing about Rojas's bankruptcy filing and the automatic bankruptcy stay, Payday America used Rojas's bank account information to take money from his checking account in violation of 11 U.S.C. § 362 and Minn. Stat. § 604.14.

## PARTIES AND JURISDICTION

3. Rojas is a natural person residing in Dakota County, Minnesota, and the Debtor in the above-captioned bankruptcy proceeding.

4. Payday America is a Minnesota-incorporated business with a primary business of payday lending. Its registered business address is 181 River Ridge Circle South, Burnsville, MN 55337.

5. This Court has jurisdiction under 28 U.S.C. § 1334 and § 157. This is a core proceeding.

## FACTS

6. Sometime in 2019, Rojas, in desperate financial hardship, incurred a payday loan debt to Payday America.

7. After taking out this loan, Rojas set up automatic payments with Payday America, providing it with his checking account number for his bank account at Bank of America.

8. Unable to continue paying his outstanding debts, Rojas filed a petition for Chapter 13 bankruptcy relief on November 11, 2019.

9. Schedule E/F of Rojas's petition listed Payday America as an unsecured creditor.

10. 11 U.S.C. § 362 created an automatic stay at the time of Rojas's filing prohibiting the collection of any outstanding unsecured debts.

11. On November 11, 2019, simultaneous to filing his bankruptcy petition, Rojas sent a notice of his filing to Payday America by first class mail to its registered business address. *See Notice of Filing attached as* **EXHIBIT A**.

12. This notice stated: "You are hereby notified that the petition commencing this bankruptcy case under Chapter 13 of Title 11, U.S. Code, was filed with the United States Bankruptcy Court by [Leobaldo Rojas] on November 11, 2019 . . . The filing of this Petition operates as a stay of certain acts and proceedings under 11 U.S. Code section 362." *See* **EXHIBIT A**.

13. Despite the prohibition against collection imposed by the bankruptcy's automatic stay, and despite having been directly notified of Rojas's bankruptcy filing, Payday America used Rojas's bank account information to withdraw $938.02 from Rojas's bank account on November 19, 2019.

14. This payment caused an overdraft of Rojas's bank account, incurring a $35.00 overdraft fee to Bank of America.

### COUNT I: VIOLATION OF AUTOMATIC STAY

15. Rojas incorporates all other allegations as if set forth herein in full.

16. The automatic stay prohibits creditors like Payday America from taking payment from debtors after their bankruptcy filing:

> "[A] petition filed . . . operates as a stay, applicable to all entitles, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; [or] . . . any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title . . . ." 11 U.S.C. §§ 362(a)(3) & (6).

17. Payday America violated 11 U.S.C. §§ 362(a)(3) and (6) by taking $938.02 from Rojas's Bank of America checking account after the filing of his petition and the imposition of the automatic stay.

18. Payday America received actual notice of Rojas's filing prior to taking the money, *see* **EXHIBIT A**. Its actual knowledge of the bankruptcy stay makes its subsequent action a willful violation of 11 U.S.C. §§ 362(a)(3) and (6).

19. Payday America's willful violation of the stay has cost Rojas $938.02, plus an additional $35.00 overdraft fee charged by Bank of America for the overdraft of his account that this taking caused.

20. Payday America's willful violation has caused Rojas undue stress, worry, and emotional distress, including feelings of frustration and helplessness.

21. Payday America's willful violation has required Rojas to incur additional costs and attorney's fees to recover the wrongly-transferred funds.

22. The Bankruptcy Code provides the following remedies for breach of the automatic stay:

> "[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

23. Rojas is entitled to actual damages, including but not limited to recovery of the payment taken by Payday America post-filing and the overdraft fee imposed by Bank of America, his costs and attorney's fees incurred for this Adversary Complaint, and any punitive damages this Court deems appropriate.

## COUNT II: CIVIL THEFT

24. Rojas incorporates all other allegations as if set forth herein in full.

25. Minnesota statute prohibits the unlawful taking of property and allows the harmed party to recover a statutory violation award of the property's value:

> "A person who steals personal property from another is civilly liable to the owner of the property for its value when stolen plus punitive damages of either $50 or up to 100 percent of its value when stolen, whichever is greater." Minn. Stat. § 604.14.

26. Payday America violated Minn. Stat. § 604.14 by stealing $938.02 from Rojas's Bank of America checking account without his permission or any legal right.

27. Payday America's theft makes it liable to Rojas for $1,876.04, twice the value of the amount taken, under Minn. Stat. § 604.14.

## RELIEF REQUESTED

Rojas requests an Order for the following relief:

1. Judgment in favor of Leobaldo Rojas and against Payday America, Inc. for actual damages in an amount to be determined by the Court, but at least including return

of the wrongly-taken $938.02 and the subsequent $35.00 overdraft fee, the costs of this action, and a reasonable attorney's fee under 11 U.S.C. § 362(k);

2. An additional $938.02 in statutory damages under Minn. Stat. § 604.14; and

3. All other relief the Court deems just and equitable, including any punitive damages under 11 U.S.C. § 362(k).


Date: <u>November 21, 2019</u>

/s/ *Bennett Hartz*
Bennett Hartz #393136
Walker & Walker Law Offices, PLLC
4356 Nicollet Avenue South
Minneapolis, MN 55409
(612) 824-4357
***Attorneys for Leobaldo Rojas***